UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:04-CR-71(5) JD |
| | ) | (related case Civil No. 3:11-CV-226 JD) |
| RODGER D. GRIGGS | ) | |

**OPINION AND ORDER**

On December 16, 2011, Rodger Griggs, a federal prisoner, filed what he titled a "Motion 44 § 3301." [DE 593]. On the first page, Griggs requests "documents from court docket and government documents number 20067-20114, 20117-20142, 20155-20156, 20171-10175, 10176-20180, 20264-20265, 20527-20528." He also requests an appointed attorney. On the second and third pages, Griggs argues that his trial counsel was ineffective. Beginning on the fourth page, Griggs launches – as he has done repeatedly in this case – into a lengthy discussion about the Southern Cherokee Nation, of which Griggs professes to be the Chief, and about an elusive stash of gold bullion and the reserve notes issued from it, which, in Griggs' retelling, are intricately tied to events so diverse as the sinking of the Lusitania, the Holocaust, the Kennedy assassination, and the martyrdom of Saint Peter. The narrative eventually leads to Griggs's conclusion that the United States owes him a great deal of money and must release him from prison. [DE 593 at 9-10]. Construing Griggs's filing liberally, *see Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) ("That courts are required to give liberal construction to pro se pleadings is well established"), the court identifies four requests for relief: (1) a document/records request; (2) a request for the appointment of an attorney; (3) a request for some sort of money judgment against the United States; and (4) a request for release from imprisonment. The court addresses them in reverse order.

1

**<u>Request for Release from Imprisonment</u>**

Griggs argues that the allegedly ineffective assistance of his trial counsel and the Southern Cherokee Nation issue combine to warrant his release from imprisonment. [DE 593 at 10]. Because the relief requested is release from imprisonment, the court is prepared to construe this motion as a filing under 28 U.S.C. § 2255. *See Poe v. United States*, 468 F.3d 473, 476 (7th Cir. 2006) ("[A] postconviction motion that is functionally a section 2255 motion should be treated as such however it is filed.") (quoting *Carter v. United States*, 312 F.3d 832, 833 (7th Cir. 2002)) (internal quotation marks omitted); *see also United States v. Evans*, 224 F.3d 670 (7th Cir. 2000) (holding that "a postconviction motion that is functionally, substantively, a motion under section 2255 ... should be treated as such, even if labeled differently"). That makes this Grigg's third motion under § 2255. His first one [DE 566] was denied because it was not timely. [DE 594]. His second one, filed under a different title but construed as a § 2255 motion after 30 days' notice to the defendant, was dismissed for a failure to comply with filing requirements. [DE 592; DE 596; DE 598]. This third one risks being dismissed for the same reason.

As the court has previously informed Griggs, Rule 9 of the Rules Governing § 2255 Proceedings states that, "[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion[.]" Griggs has not done that, so once this court construes the portion of DE 593 requesting release from imprisonment as a § 2255 motion, it will be dismissed. Rather than subject Griggs to that potentially unjust result without warning, the court hereby places Griggs on **NOTICE** that it intends to construe DE 593's request for release from imprisonment as a motion under § 2255 **on Friday, May 25, 2012**, and to dispose of it accordingly on that same day. Griggs is free to withdraw

his motion before that date and to re-file it in accordance with the proper procedures. This notice is provided consistent with the Seventh Circuit's decision in *Carter*, 312 F.3d at 832-33: "although a postconviction motion that is functionally a section 2255 motion should be treated as such however it is labeled, before doing so the district judge must notify the movant of what he intends to do, to give the movant a chance to withdraw the motion."

### Request for a Monetary Judgment against the United States

Towards the end of his filing, Griggs argues that the United States Treasury is obligated to issue him a check for two-and-a-half times an amount the Southern Cherokee Nation lost in conjunction with these proceedings. It is unclear why Griggs feels he or the Southern Cherokee Nation is entitled to that relief, but this is not the first time he has made a similar demand.[1] This sort of claim simply should not be filed in Griggs's criminal case. If Griggs feels he has a valid civil complaint – one for money or punitive damages – against the United States, for *any* reason, he must file a separate, civil lawsuit. Any more requests for relief of that sort which are filed under *this* cause number will be dismissed summarily, and Griggs's request for a monetary judgment is **DENIED**.

### Attorney Request

Griggs also requests an attorney "so that proper reporting between the court and defendant may be maintained." [DE 593 at 1]. Obviously, Griggs is not entitled to an attorney just for the purpose of communicating with the court. The right to counsel operates only under certain circumstances. The closest Griggs comes is the court's intended construction of a portion of his motion as a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. While "[a] section 2255 proceeding is an independent civil suit for which there is no constitutional right to appointment of

---

[1] In an earlier filing, for example, Griggs submitted a "contract," which he clearly drafted in prison, purporting to show the United States in debt to him in the amount of $6,040,000,000.00. [DE 566; DE 594].

counsel[,]" *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992), Rule 8(c) of the Rules

Governing Section 2255 Proceedings does require that counsel be appointed for an indigent prisoner

if an evidentiary hearing is required. *See* Rule 8(c), 28 U.S.C. foll. § 2255. There are a couple of

problems with this rule as applied to Griggs, however. First, he has made no showing of indigency.

Second, to the extent that the court plans to construe Griggs's filing, in part, as a motion under §

2255, it is an absolute certainty that no evidentiary hearing will be required. There are only two

possible outcomes: either Griggs will withdraw it, to refile later after following the proper

procedures, or it will be dismissed. And there is no basis for appointing counsel to Griggs; he has

nothing else pending before the court. His request is **DENIED**.

### Document Request

44 U.S.C. § 3301, the code section Griggs invokes in the title of his motion, contains the

definition of the term "records" for purposes of its code chapter. It creates no private right of action

or access to the records defined therein. 28 U.S.C. § 753(b), on the other hand, *has* been construed

to allow an indigent defendant to obtain free copies of documents that are in the court's file if he

shows that he has exhausted all other means of access to the file and that the documents requested

are necessary for preparation of a specific, non-frivolous court action. *See United States v. Rush*, 559

F.2d 455, 459 (7th Cir. 1977); *United States v. Zawada*, 2009 WL 1863982 (N.D. Ind. June 25,

2009). The instant motion is the only "court action" Griggs currently has pending, and for the

reasons previously discussed, it is frivolous, at least as currently filed. Furthermore, Griggs has not

indicated why the requested documents are "necessary" to the preparation of his requests for relief.

*Rush*, 559 F.2d at 459. As a result, Griggs is not entitled to free copies of any documents. But even

if he were, the court would be unable to grant his request as submitted. Griggs has used what appear

to be Bates numbers to refer to particular documents, but the court possesses nothing that corresponds to those numbers. Even if he were entitled to them, Griggs would need to identify the documents requested in a manner that allows the court to ascertain their identity. For all of the foregoing reasons, Griggs's document requests must be **DENIED**.

## Conclusion

The court reads Griggs's motion [DE 593] as including four different requests for relief. His requests for copies of documents, for an appointed attorney, and for a monetary judgment against the United States are **DENIED**. To the extent that Griggs's motion seeks release from imprisonment on ineffective assistance of counsel grounds, the court will construe it as an improperly filed third successive motion pursuant to 28 U.S.C. § 2255 on **May 25, 2012**, and will dismiss it if it is not withdrawn before that date.

SO ORDERED.

ENTERED:   April 23, 2012

        /s/ JON E;. DEGUILIO
Judge
United States District Court